**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**
**CIVIL ACTION NO.**
3:16-cv-237-TLW

| | |
|---|---|
| **ANNE RICHARDSON GEIGER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LEXINGTON COUNTY SCHOOL DISTRICT TWO, WILLIAM H. BINGHAM, JR, ELIZABETH DICKERSON BRANHAM, GLEN M. CONWELL, BRADFORD W. GILES, CYNTHIA M. KESSLER, CATHERINE M. KESSLER and LINDA ALFORD-WOOTEN, in their official capacities as Members of the Board of Trustees of LEXINGTON COUNTY SCHOOL DISTRICT TWO, ANGELA COOPER, in her capacity as Chief Human Resources Officer and WILLIAM JAMES, in his capacity as Superintendent of LEXINGTON SCHOOL DISTRICT TWO,**<br><br>**Defendants.** | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff, by and through her undersigned counsel, complaining of the Defendants named herein, alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is, and was at all times referenced herein, a citizen and resident of the State of South Carolina, County of Lexington.

2. Defendant Lexington County School District Two (hereinafter “School District”, “District” or “District Two”) is one of several school districts located in Lexington County, State of South Carolina.

3. Upon information and belief, Defendants William H. Bingham, Jr. (hereinafter "Bingham"), ElizaBeth Dickerson Branham (hereinafter "Branham"), Glen M. Conwell (hereinafter "Conwell), Bradford W. Giles (hereinafter "Giles"), Cynthia M. Kessler (hereinafter "Cynthia Kessler"), Catherine M. Kessler (hereinafter "Catherine Kessler") and Linda Alford-Wooten (hereinafter "Alford-Wooten") are citizens and residents of Lexington County, South Carolina and are elected members of the Lexington School District Two School Board.

4. Upon information and belief, Angela Cooper (hereinafter "Cooper") is a citizen and resident of Lexington County, South Carolina and serves as the Chief Human Resources Officer of Lexington School District Two.

5. Upon information and belief, William James (hereinafter "James") is a citizen and resident of Lexington County, South Carolina and serves as the Superintendent of Lexington School District Two.

6. Defendants Cooper and James operate in high positions of authority in articulating the policy and custom of Defendant School District.

7. Upon information and belief, the members of the Board, Defendants Bingham, Branham, Conwell, Giles, Cynthia Kessler, Catherine Kessler and Alford-Wooten, give great deference to the recommendations of Defendants Cooper and James in setting, articulating. implementing and enforcing the policy and custom of Defendant School District.

8. The injuries complained of by Plaintiff in this action are a direct and proximate result of the execution of the District's policies by the District and the individual Defendants.

9. The decision made to terminate Plaintiff's employment without benefit of required due process, to immediately stop her wages and benefits prior to affording her the due process

rights guaranteed her by South Carolina law and the United States Constitution constituted a willful policy engaged in, ratified and supported by all of the individual Defendants.

10. The decision to terminate Plaintiff's employment and benefits without due process was an official policy of Defendant District.

11. The decision to terminate Plaintiff's employment and benefits without due process was properly approved by officials (the Board, Superintendent and Chief Human Resources Officer) with proper policymaking authority under appropriate circumstances.

12. Upon information and belief, District Two is reputed to have a harsh attitude towards teachers and the conduct outlined herein has been similarly demonstrated as policy towards other teachers who were placed under threat of termination.

13. The School District has officially sanctioned and ordered the actions complained of herein.

14. The actions complained of herein were taken pursuant to a policy adopted by the officials responsible under state law for making District policy.

15. The responsible officials and school board members acting in their official capacity are persons within the meaning of 42 U.S.C. §1983 and sued in that capacity have no sovereign immunity. *See e.g, Burt v. Board of Trustees,* 521 F.2d. 1201 (4th Cir. 1975).

16. Plaintiff brings this action alleging violations of 42 U.S.C. §1983 as she has been deprived of a valuable property right under color of law, failure to provide a notice of the availability of continuation of health insurance coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA) and violation of her rights of due process under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §300bb.

17. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a)(4), in that Plaintiff seeks to secure legal and equitable relief under Acts of Congress (specifically 42 U.S.C. §1983 and 42 U.S.C. §300bb), under 28 U.S.C. §2201(a) to declare declaratory relief, under 28 U.S.C. §2202 to secure preliminary injunctive relief, and under 42 U.S.C. §1988 to grant Plaintiff's prayer for relieve regarding costs, including reasonable attorney's fees.

18. Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide additional related claims arising under state law.

19. Venue is proper in the Columbia Division as the Plaintiff and Defendants all reside in Lexington County.

20. Jurisdiction is proper in this Court as Federal questions are presented.

## FACTUAL ALLEGATIONS

21. Plaintiff has been employed as a teacher in Lexington School District Two for approximately 15 years.

22. Plaintiff has been a successful teacher for many years, having been recognized as a School Teacher of the Year.

23. During her employment with the District, Plaintiff has received satisfactory or better evaluations and observations where the same have been conducted.

24. Plaintiff is a dedicated educator who has enjoyed outstanding relationships with her students and their parents.

25. Plaintiff has enjoyed excellent relationships with her co-workers and supervisors over the years of her employment in District Two.

26. Plaintiff's students have been successful in class, with discipline, and in state required standardized testing.

27. Plaintiff is a continuing contract teacher. As such, her employment is protected by the South Carolina Teacher Employment and Dismissal Act (hereinafter "TEDA"), S.C. Code Ann. §59-25-410, *et seq*.

28. TEDA creates valuable property rights in a South Carolina teacher's continued employment. It does so by providing rights to protect a teacher from, *inter alia*, written notice of a problem that might lead to dismissal and reasonable time for improvement on the problem (*S.C. Code Ann*. §59-25-440); notice and an opportunity for a hearing prior to any dismissal (*S.C. Code Ann.* §59-25-440); a hearing before the School Board upon request by the teacher (*S.C. Code Ann.* §59-25-460); the right to be present at such a hearing and to cross-examine witnesses (*S.C. Code Ann.* §59-25-460); the right to depose witnesses prior to the hearing (*S.C. Code Ann.* §59-25-490); and the right to subpoena witnesses to the hearing (*S.C. Code Ann.* §59-25-490).

29. Under TEDA, a teacher is not dismissed and cannot lose pay and benefits until a hearing has been conducted and she has been discharged pursuant to the Act.

30. As a continuing contract teacher in South Carolina, Plaintiff was entitled to the valuable property rights conferred upon her by TEDA, including the significant and substantial due process rights provided therein. She was also entitled to due process rights under the Federal Constitution as articulated in, *inter alia*, *Bishop v. Wood*, 426 U.S. 341, 96 S. Ct. 2074, 48 L. Ed. 2d 684 (1976).

31. On or about October 15, 2015, Plaintiff, who had recess duty that day, led her fifth grade class out onto the playground for recess. Unbeknownst to her and in violation of her express instructions, several students in the classroom did not follow her out of the classroom and remained

in the classroom to work on a project they were creating for a flood damaged school that they had adopted.

32. These students remained unsupervised for less than 15 minutes, when an Assistant Principal discovered them in the room working on the project.

33. The Assistant Principal was scheduled to come to the classroom to observe Plaintiff teaching after the recess break. She undertook to supervise the children until Plaintiff returned approximately 15 minutes later.

34. Upon information and belief, classroom teachers sometimes have to leave students unattended in the classroom for brief periods due to personal or other needs.

35. The students that remained in the classroom in this instance had been expressly instructed by Plaintiff that they could not remain in the classroom during recess to work on their project because no teacher would be present to supervise them.

36. On a previous day, another teacher had come into the classroom to supervise these students as they worked on their project, which was to be a video for a sister school damaged by the unprecedented flooding in the area during early October 2015.

37. Upon information and belief, the Assistant Principal contacted Defendant Cooper or her Office. She then summoned Plaintiff to her office the next morning, on October 16, 2015.

38. Plaintiff met with her Principal and Defendant Cooper on that morning. During the meeting, she was advised that she was going to be terminated and had best resign immediately to protect her teaching credentials.

39. Upon information and belief, Defendant Cooper expressed to Plaintiff that she was her friend and was looking out for her – and encouraged her to resign her teaching position as she was going to be fired and would lose her teaching certificate as a result of leaving the students

unattended in the classroom. In making these representations, Defendant Cooper did not advise Plaintiff of her rights under TEDA, nor did she advise Plaintiff that prior to loss of her teaching certificate, she was entitled to further due process and that "just cause" under *S.C. Code Ann.* §59-25-160 would be the applicable standard for the revocation or suspension of Plaintiff's teaching certificate.

40. At the conclusion of the meeting, Defendant Cooper walked Plaintiff to her car, told her how sorry she was that this had happened and hugged her – all the while insisting that she needed to resign that day.

41. On or about October 16, 2015, Plaintiff was notified by way of a letter hand delivered to her by Defendant Cooper that she was being placed on administrative leave with pay pending the outcome of an investigation of allegations of breach of staff conduct policy GBEB. A copy of that notice is attached hereto and incorporated herein by reference as Exhibit 1.

42. Plaintiff was informed that a recommendation that she be terminated would be given to the School Board on October 29, 2015. As a result of this notification, she retained counsel on or about October 26, 2015.

43. Plaintiff's counsel contacted counsel for Lexington School District Two and provided letters on or about October 26 and 27 requesting information relating to the proposed recommendation for termination, asking that the recommendation be held in abeyance pending the opportunity for counsel to review the documentation, giving notice that Plaintiff intended to appeal any termination and was requesting a hearing. Plaintiff's counsel further confirmed that Plaintiff should remain on administrative leave with pay pending the hearing. The October 27, 2015 letter is attached hereto as Exhibit 2 and incorporated herein by reference. This letter and nearly identical ones were delivered electronically and by first class mail to Defendants' counsel.

44. Without further notice to the Plaintiff or her counsel, upon information and belief, the Board met on October 27, 2015 and accepted the recommendation of Defendants Cooper and/or James that the Plaintiff be terminated.

45. On November 6, 2015, Plaintiff received two items of mail regarding her employment.

46. The first item received on November 6, 2015 and dated November 3, 2015 was from Greg Close, Counsel for the District. This letter (Exhibit 3) advises that the Board approved the "administrative recommendation for termination of your employment at the Board Meeting as identified above. You will have afforded to you all rights provided a teacher pursuant to S.C. Code 59-25-470."

47. On November 6, 2015, Plaintiff received a second letter which consisted of an "Insurance Benefits Active Termination Form" (Exhibit 4). That form and the attachments thereto were received in an envelope from Defendant District postmarked November 4, 2015.

48. The Form provided by the District includes a certification that "The above employee has been offered either COBRA, DISABILITY OR SERVICE RETIREMENT INFORMATION AND/OR ANY PERTINENT INFORMATION REGARDING CONTINUATION OR CONVERSION OF COVERAGE ACCORDING TO HIS/HER TYPE OF TERMINATION. . . .".

49. Neither Defendant District, nor any of its employees, have ever delivered or caused to be delivered to the Plaintiff any Notice of Continuation of Benefits or the opportunity for her to have her benefits continued.

50. Defendant School District, by and through Defendant Cooper and or its and her respective agents further certified that Plaintiff had resigned or been terminated from employment

in completing the Active Termination Form, when they know or should have known that she had requested a due process hearing, that a due process hearing had not occurred and that until such time as a due process hearing took place, Plaintiff had not and was not legally terminated or separated from employment.

51. Despite TEDA and the Plaintiff's significant property interest in her employment, Defendants terminated her pay and benefits effective October 31, 2015.

52. Since October 31, 2015, Plaintiff has not received her agreed contract payments, has been prevented from working by her administrative leave and has been deprived of health, life and disability benefits which accrued to her as a part of her employment contract.

53. Upon Plaintiff's receipt of the letters attached hereto as Exhibits 3 and 4, Plaintiff's counsel immediately communicated with counsel for Defendants. That communication was telephonic and by the letter attached hereto as Exhibit 5. The November 6, 2015 letter, for the second time, requested a timely hearing pursuant to *S.C. Code Ann.* §59-25-470. The letter also requested information previously requested by letters of October 26 and October 27, 2015.

54. On November 11, 2015, Plaintiff's counsel sent a letter to Defendant District by way of letter to Defendant James, via certified mail, return receipt requested, demanding a timely hearing pursuant to *S.C. Code Ann*. §59-25-470. In that letter, attached hereto as Exhibit 6, Plaintiff's counsel also advised Defendants that "Lexington Two has 'jumped the gun' and given both Ms. Geiger and the South Carolina Public Employee Benefits Administration notice that her benefits are terminated effective November 1, 2015." Counsel requested that this action be rescinded stating "This is clearly error as the case law has repeatedly affirmed that until the Board issues a decision after a hearing, the teacher's employment has not been terminated."

55. The certified mail receipt affirming delivery of the November 11, 2015 letter is attached hereto as Exhibit 7 confirming that Defendants received this fourth request for a due process hearing.

56. On November 16, 2015, Plaintiff's counsel wrote Defendants' counsel a letter inquiring about a shortage in Plaintiff's pay. That letter is attached hereto as Exhibit 8.

57. On November 17, 2015, still having failed to receive a response on the short pay, Plaintiff's counsel wrote Defendants' counsel requesting an answer regarding the short pay and the fact that, despite her continued legal status as an employee on leave of absence with pay, her health insurance remained improperly cancelled.

58. On November 20, 2015, after a proposed resolution of this matter had been rejected, counsel for the Plaintiff wrote a letter to Defendants' counsel once again requesting a hearing, and reiterating that "a teacher is not terminated until due process is complete and that Mrs. Geiger's pay and benefits have been wrongfully stopped." The letter, attached hereto as Exhibit 9 (redacted portions reflect settlement discussions) further stated that "Obviously, allowing such actions completely bypasses the substantive due process rights guaranteed the teacher by the South Carolina Teacher Employment and Dismissal Act, *S.C. Code Ann.* §59-25-10, et. seq."

59. With the time for a hearing allowed by the statute having passed and with no agreement from the Plaintiff to waive that time, counsel sent another letter to Defendant's counsel on November 24, 2015. That letter, attached hereto as Exhibit 10 put Defendants on notice that their improper actions "are causing grave harm and injury". It described the fact that Plaintiff's salary and benefits were terminated without due process. The letter further noted that Plaintiff had not been provided any notice regarding continuation of benefits within the period allowed following a qualifying event.

60. On December 16, 2015, Plaintiff's counsel once more wrote Defense Counsel and made demand for information and the scheduling of a hearing (Exhibit 11).

61. As of January 22, 2016, Defendants have not provided Plaintiff the information requested relating to the accusations that Defendants made substantiating their recommendation for termination.

62. As of January 22, 2016, Defendants have neither scheduled, nor attempted to schedule, the hearing required to be conducted within 15 days after request pursuant to TEDA.

63. As of January 22, 2016, Defendants have not obtained any consent from Plaintiff to extend the schedule deadline for the hearing, even though early in November, Plaintiff offered to provide one contemplating the fact that Defendants would comply with TEDA and continue to pay Plaintiff's salary and benefits in accord with TEDA and applicable case law.

64. As of January 22, 2016, Plaintiff has been deprived of the compensation and benefits accrued by virtue of her teaching contract without any due process as required by law.

65. As of January 22, 2016, Plaintiff has never received any notice of termination of health benefits as required by the Comprehensive Omnibus Budget Reconciliation Act (COBRA).

66. As of January 22, 2016, Plaintiff has not received any notice of termination of health benefits as required by 42 U.S.C. §300(bb-7).

67. As a direct and proximate result of Defendants' violation of her due process rights under the Federal Constitution and TEDA, Plaintiff has lost her salary, wages and benefits owed her which constitute valuable property rights.

68. As a direct and proximate result of Defendants' violation of her due process rights under the Federal Constitution and TEDA and the loss of her salary, wages and benefits, Plaintiff has been forced to apply for Unemployment Benefits (which Defendants prevented her from

obtaining), apply for public assistance, forego medications and medical care, expend attorney's fees and costs, suffer great mental anxiety, borrow money from her private retirement plan which caused her to incur losses of tax benefits and penalties for early withdrawal, and generally live in a state of anguish and disarray without money for food, clothing and shelter for herself and her minor children.

**FOR A FIRST CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. §1983**

69. Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 68 of this Complaint as if repeated verbatim herein.

70. In terminating Plaintiff's salary, benefits and employment which constitute valuable property rights without due process guaranteed by the Federal Constitution and TEDA, Defendant School District and the individual Defendants have deprived Plaintiff of her rights, privileges or immunities secured under color of law, and by the Constitution and laws of this State and the United States and in doing so have thereby violated 42 U.S.C. §1983.

71. That as a result of the above official execution of District Policy under color of law by the Defendants, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, penalties for the early withdrawal of retirement funds from a retirement plan, lost health care benefits, expenses associated with finding other work, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical symptoms of her psychological stress and anguish and further seeks attorney's fees and costs and prejudgment interest.

72. The actions of Defendants Cooper and James constitute acts and edits which fairly represent the policy of Defendant Lexington School District Two.

73. The actions of Defendants District, Cooper and James constituted the infringement of Plaintiff's Federal rights and are, by virtue of their positions and influence over the official policy of Defendant School District are fairly attributable to the state.

74. The actions of Defendants District, Cooper and James as actions of the District constituted the policy of the District in its actions under color of law towards Plaintiff and were ratified by the action and/or inaction of Defendants Bingham, Branham, Conwell, Giles, Cynthia Kessler, Catherine Kessler and Alford-Wooten acting as the School Board.

75. That the Defendants' actions, as set forth hereinabove, were undertaken intentionally, willfully, wantonly, recklessly, maliciously, with gross negligence and with a callous and utter disregard for the Plaintiff's statutory and constitutional rights – even though Plaintiff's counsel consistently and repeatedly reminded Defendants of these rights, and therefore, Plaintiff is entitled to recover exemplary damages from these Defendants.

## FOR A SECOND CAUSE OF ACTION

## VIOLATION OF COBRA AND 42 U.S.C. §300bb

76. Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 75 of this Complaint as if repeated verbatim herein.

77. Upon information and belief, Defendant District's group health care plan is maintained by a State that receives Federal funds and is subject to Title 42 U.S.C. §300bb-1.

78. Upon information and belief, Defendant District is required to provide notice and continuation of coverage under COBRA pursuant to *Pub. L. No.* 99-272 and 42 U.S.C. §300bb-1-7.

79. Despite the legal requirement that Defendant District provide notice and continuation of coverage, it has never provided Plaintiff either notice of the right to Continuation of Coverage or the Opportunity to Continue Coverage, as required by Federal Law.

80. Plaintiff is entitled to equitable relief including restoration of coverage both back and prospectively, reimbursement of medical and drug expenses incurred during the period where no notice has been provided both back and future, payment of costs, fees and surcharge.

81. As a result of the Defendants' violation of 42 U.S.C. §300bb-1, et. seq., Plaintiff is further entitled to equitably recover her costs and attorney's fees.

82. Plaintiff is further entitled to injunctive relief requiring the restoration of her benefits as relief for Defendants' improper and illegal termination of her employment.

## FOR A THIRD CAUSE OF ACTION

### SOUTH CAROLINA PAYMENT OF WAGES ACT S.C. CODE ANN. §41-10-50 ET. SEQ.

83. Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 82 of this Complaint as if repeated verbatim herein.

84. At the date that Defendants wrongfully terminated Plaintiff's employment under color of law without due process, Plaintiff was owed accrued leave and sick time which, pursuant to her contract, was to be paid to her upon separation from employment.

85. Defendants also shorted Plaintiff's check more than $213.00 without explanation.

86. Plaintiff and her counsel requested payment of both the accrued time owed and the shorted wages on multiple occasions.

87. Despite those requests, Defendant neither remitted those wages within 48 hours of the time the Defendants illegally terminated the Plaintiff, nor did they remit the wages on the next regular pay day within thirty days of the date of separation.

88. Defendants never gave Plaintiff any written notice of the amount of wages owed or in dispute.

89. Plaintiff is owed wages and monies in an amount to be proven at trial which have not been paid as required by S.C. Code Ann. §41-10-50.

90. As a result of Defendants' failure to cause Plaintiff's wages and accrued payments for leave and sick days to be paid in accordance with the South Carolina Payment of Wages Act, Plaintiff is entitled to an award equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow pursuant to S.C. Code Ann. §41-10-80(C).

## **FOR A FOURTH CAUSE OF ACTION**

BREACH OF CONTRACT

91. Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 90 of this Complaint as if repeated verbatim herein.

92. As a continuing teacher, Plaintiff had a contract with Defendant District that provided, among other things, that:

A. Plaintiff would be employed for the entire school year 2015-2016 as a teacher in the Defendant School District;

B. Plaintiff would receive pay and benefits from the District for the year employed; and

C. Plaintiff's employment would not be terminated absent compliance with applicable District Policy and State law including, but not limited to, notice and a due process hearing with the right to certain discovery, the right to cause the compelled attendance of witnesses, the right to confront witnesses and the right to be represented by Counsel in a hearing before the School Board.

93. The above rights, among others, were guaranteed to Plaintiff by TEDA.

94. Defendant School District breached its contract with Plaintiff by terminating her employment without fulfilling its legal and contractual obligations including those enumerated in Paragraph 92 of the Complaint and by terminating Plaintiff's employment and benefits without affording Plaintiff the contractual protections included in her contract and TEDA.

95. As a direct and proximate result of Defendant District's breach of its contract with Plaintiff, Plaintiff has suffered damages which she is entitled to recover in the form of lost back and future wages, income and benefits, expenses associated with finding other work, prejudgment interest, costs and attorney's fees.

**WHEREFORE**, Plaintiff requests that this Honorable Court grant her the following relief:

**AS TO PLAINTIFF'S FIRST CAUSE OF ACTION**:

Reinstatement to her position with full seniority and benefits as well as, and together with, judgment against the Defendants for amounts of lost back and future wages, income and benefits, penalties for the early withdrawal of retirement funds from a retirement plan, lost health care benefits, expenses associated with finding other work, inconvenience, mental anguish, loss of

enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical symptoms of her psychological stress and anguish and further seeks attorney's fees and costs and prejudgment interest in an amount to be determined by the trier of fact.

**<u>AS TO PLAINTIFF'S SECOND CAUSE OF ACTION</u>**:

Equitable relief including restoration of coverage both back and prospectively, reimbursement of medical and drug expenses incurred during the period where no notice has been provided both back and future, payment of costs, fees and surcharge; equitable recovery of her costs and attorney's fees and injunctive relief requiring the restoration of her benefits as relief for Defendants' improper and illegal termination of her employment.

**<u>AS TO PLAINTIFF'S THIRD CAUSE OF ACTION</u>**:

An award equal to three times the full amount of the unpaid wages as determined by the trier of fact, plus costs and reasonable attorney's fees as the court may allow pursuant to S.C. Code Ann. §41-10-80(C).

**<u>AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION</u>**:

An amount of actual and special damages as the trier of fact may find (including lost back and future wages, income and benefits, expenses associated with finding other work), liquidated damages, the costs and disbursements of this action, including reasonable attorney's fees.

**AS TO ALL CAUSES OF ACTION**:

An award of such other and further relief as the Court finds just and proper together with any other damages, surcharge or reimbursements available to Plaintiff under the causes of action enumerated in the Complaint in law or at equity.

Respectfully Submitted,

s/ Michael H. Montgomery
Michael H. Montgomery
USDC DSC ID#3960
MONTGOMERY WILLARD, LLC
1002 Calhoun Street (29201)
P.O. Box 11886
Columbia, South Carolina 29211-1886
mhm@montgomerywillard.com

ATTORNEYS FOR PLAINTIFF
ANNE RICHARDSON GEIGER

Columbia, South Carolina
January 25, 2016